The Atchison, Topeka & Santa Fe Railway Company v. Albert Scaggs.

No. 12,085.   (67 Pac. 1103.)

SYLLABUS BY THE COURT.

Practice, Supreme Court—*Assignments of Error—Special Findings.* Where the evidence is not in the record and no motion for a new trial was made in the court below, a party at whose instance special questions were submitted to the jury will not be heard to contend that the answers to such questions must be ignored because they relate to issues not within the pleadings. This court cannot say that such questions and the answers thereto do not refer to matters treated by the parties as in issue in the court below.

36—64 KAN.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed March 8, 1902. Affirmed.

*A. A. Hurd*, and *O. J. Wood*, for plaintiff in error.
*Miller & Herald*, for defendant in error.

The opinion of the court was delivered by

ELLIS, J. : The plaintiff below was an employee of the railway company, and was injured while loading scrap-iron. In his petition he made sundry general allegations of negligence against the company, and in conclusion charged that his injuries were the result of certain specific acts of negligence on its part. On a trial before a jury, he recovered judgment in the district court of Wyandotte county for $200. The jury returned answers to special questions of fact submitted to them at the instance of the railway company, and the latter moved for judgment on the special findings, to the overruling of which they excepted, and without filing a motion for a new trial took the case to the court of appeals upon a transcript for review.

The sole question, therefore, for determination is whether the court committed error in overruling the motion for judgment on the findings, notwithstanding the general verdict. It is practically admitted that the findings sustain the general verdict, but it is insisted that findings numbered 16, 17 and 18 relate to a charge of negligence on the part of the company not specified in the petition, nor within the issues in the case. Without these findings the judgment could not be sustained, and it is contended that they should be ignored. The evidence taken at the trial is not in the record, and we are unable to say what issues, if any, may have been treated by the parties as though

they were covered by the pleadings, when in fact they were not so included.   This court has frequently held that where the parties in the trial court treat a question as though it was properly raised in the pleadings, the case will here be regarded as though such were the fact, or as it would have been had an amendment been made to conform to the proofs. The railway company having asked to have these questions submitted to the jury, it may not here be heard to urge that they were not pertinent, without showing that the subject-matter to which they relate was regarded by the court and parties below as irrelevant; and it having failed to have the answers stricken out in the court below, or to file a motion for a new trial, the answers to these questions must be considered in this court precisely as are the answers to the other questions submitted.

The judgment of the court below is affirmed.

DOSTER, C. J., JOHNSTON, POLLOCK, JJ., concurring.